RECEIPT # _____
AMOUNT $ __N/A__
SUMMONS ISSUED __✓__
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. __m__
DATE __6/4/4__

FILED
IN CLERKS OFFICE
2004 JUN -4  A 11: 03
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| *Plaintiff*, | ) |
| v. | ) Court No. |
| JUAN U. MORILLO, | ) 04 11... |
| *Defendant*. | ) MAGISTRATE JUDGE _Collings_ |

## COMPLAINT

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, states as its complaint that:

1. Jurisdiction of this action is conferred on the Court by 28 U.S.C. § 1345.

2. The defendant, Juan U. Morillo (hereinafter "Morillo"), resides in the District of Massachusetts at 475 Columbia Road, Apt. 5, Dorchester, MA 02125.

3. Morillo is indebted to the United States in the principal amount of $130,823.18 plus interest computed at the rate of 4.0 percent per annum for a total amount of $131,898.45 as of May 7, 2004. Thereafter, interest on the principal amount will accrue at the rate of 4.0 percent per annum until the date of judgment. See Exhibit "A" attached hereto and incorporated herein.

4. Morillo has failed to repay the aforesaid sum although demand has been duly made.

WHEREFORE, the United States demands judgment against Morillo in the principal amount of $130,823.18; plus interest in the amount of $1,075.27; plus interest on this principal at an annual rate of 4.0 percent per annum until the date of judgment. The United States further demands, pursuant to 28 U.S.C. § 1961, that interest on the judgment accrue at the legal rate until paid in full.

        Respectfully submitted,

        UNITED STATES OF AMERICA
        By its attorneys

        MICHAEL J. SULLIVAN
        United States Attorney

By: *[signature]*

        CHRISTOPHER R. DONATO
        Assistant U.S. Attorney
        1 Courthouse Way, Suite 9200
        Boston, MA  02210
        (617) 748-3328

Dated:  June 4, 2004



**DEPARTMENT OF HEALTH & HUMAN SERVICES**　　　　　　　　　　　Program Support Center

Rockville MD 20857

MAY 21 2004

# CERTIFICATE OF INDEBTEDNESS

Juan U. Morillo　　　　　　　　　　**04**
475 Columbia Road, Apt. 5
Dorchester, MA 02125
Ref: 50118561/2/3

**Total debt due to the United States as of May 7, 2004: $131,898.45 (principal $130,823.18, interest $1,075.27, administrative costs $0.00).**

I certify that the Department of Health and Human Services records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $130,823.18 from May 7, 2004, at the rate of 4.000%. Interest accrues on the principal amount of this debt at the rate of $14.34 per day. Interest is computed at a variable rate and is adjusted quarterly. Due to the semi-annual compounding of interest, the current principal amount is greater than the original amount borrowed.

The claim arose in connection with a Government-insured Health Education Assistance Loan (HEAL) made by a private lender and assigned to the United States.

As a student at the New York University, you applied for and were granted the following Health Education Assistance Loans (HEAL), Section 701-720 of the Public Health Service Act (42 U.S.C. 292 f-p).

| Date of Promissory Note | Amount of Promissory Note | Date Approved | Amount Approved |
|---|---|---|---|
| 03/25/91 | $20,000.00 | 04/11/91 | $20,000.00 |
| 02/02/93 | $20,000.00 | 02/16/93 | $20,000.00 |
| 10/29/93 | $20,000.00 | 11/19/93 | $20,000.00 |

You signed promissory notes agreeing to repay the loans at a variable rate of interest beginning the first day of the tenth month after ceasing to be a full-time student or completing a residency program. The Student Loan Marketing Association (SLMA) purchased your notes and received an assignment.

Upon your leaving New York University, you were furnished a repayment schedule by the Student Loan Servicing Center with notification that payments were to begin April 17, 1996. You did not make any payments.

On July 9, 1997, the SLMA sent you a final demand letter to remit payment in full or your account would be filed as a default claim. You did not make any payments, nor did you respond.

Due to your failure to make payments, the SLMA filed an insurance claim on July 24, 1997, with the Department of Health and Human Services (HHS). The claim in the amount of $88,217.00 was paid on March 25, 1998, and an assignment of the notes was received.



EXHIBIT A

## PAGE 2 - CERTIFICATE OF INDEBTEDNESS - JUAN U. MORILLO

By letter dated March 26, 1998, you were notified that the previous holder of your Health Education Assistance Loans placed you in default and assigned your notes to the United States Government. You were informed that your student loans were consolidated using the lowest interest rate allowable by law. Enclosed were instructions for entering into a repayment agreement (RA) with notice that it must be completed and returned within thirty (30) days. You did not respond.

In a letter dated August 11, 1998, you were notified of the HHS' intent to refer your HEAL debt to other Federal agencies for the purpose of administrative offset under the Debt Collection Improvement Act of 1996. You were advised that a written response, a RA, or payment in full received within sixty (60) days from the date of the letter would terminate administrative offset action. You did not respond.

On February 2, 1999, you were notified that you had sixty (60) days in which to resolve your delinquent debt. You were advised that if you were unwilling to establish a RA, your case would be immediately referred to the Office of the Inspector General (OIG) for exclusion from participation in the Medicare/Medicaid Programs. The letter also informed you that in the event you did not enter into a RA, your debt would be referred to the U.S. Department of Justice (DOJ) for enforced collection. You did not comply.

By letter dated May 3, 1999, you were notified that your account had been referred to Payco American Corporation for collection. You were advised that your account would be referred to the DOJ if you failed to either remit payment in full or enter into a RA.

On January 3, 2003, and March 2, 2004, you were notified that you had sixty (60) days in which to resolve your delinquent debt. You were advised that if you were unwilling to establish a RA, your case would be immediately referred to the OIG for exclusion from participation in the Medicare/Medicaid Programs. The letter also informed you that in the event you did not enter into a RA, your debt would be referred to the DOJ for enforced collection. You did not comply.

The following provides a breakdown of credits applied to your account:

2 Treasury Offsets          12/08/00 to 12/27/02          $584.15

Repeated attempts by HHS have been unsuccessful in establishing an acceptable repayment schedule for your debt. Because of your lack of cooperation the federal government is exercising its option and declaring your note due and payable. Accordingly, your debt has now been referred to the DOJ for enforced collection.

The amount due should be remitted by check, draft or money order(s) payable to the "U.S. Department of Justice" and mailed directly to the United States Attorney, District of Massachusetts, One Courthouse Way, U.S. Courthouse, Suite 9200, Boston, MA 02210.

**CERTIFICATION:** *Pursuant to 28 U.S.C. 1746, I certify under penalty of perjury that the foregoing is true and correct.*

MAY 21 2004
_____
Date

_____
Barry M. Blum
Chief, Referral Control Section
Debt Management Branch

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
UNTIED STATES OF AMERICA

**DEFENDANTS**
JUAN U. MORILLO

FILED IN CLERK'S OFFICE
2004 JUN -4 A 11: 02
U.S. DISTRICT COURT
DISTRICT OF MASS.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: Suffolk 25025
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney'S (Firm Name, Address, and Telephone Number)
CHRISTOPHER R. DONATO, AUSA
1 COURTHOUSE WAY, SUITE 9200
BOSTON, MA 02210
(617) 748-3303

Attorneys (If Known)

04

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury – Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability / 365 Personal Injury – Product Liability | 625 Drug Related Seizure of Property 21 USC | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | **PROPERTY RIGHTS** | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 640 R.R & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| [X] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 340 Marine / **PERSONAL PROPERTY** | 660 Occupational Safety/Health | 840 Trademark | 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits | 345 Marine Product Liability / 370 Other Fraud | 690 Other | | 850 Securities/Commodities/ Exchange |
| 160 Stockholders' Suits | 350 Motor Vehicle / 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | 355 Motor Vehicle Product Liability / 380 Other Personal Property Damage | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 891 Agricultural Acts |
| 195 Contract Product Liability | 360 Other Personal Injury / 385 Property Damage Product Liability | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 730 Labor/Mgmt. Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting / 510 Motions to Vacate Sentence Habeas Corpus: | 740 Railway Labor Act | 864 SSID Title XVI | 894 Energy Allocation Act |
| 220 Foreclosure | 442 Employment | | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations / 530 General | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | | | 870 Taxes (U.S. Plaintiff or Defendant) | |
| 245 Tort Product Liability | 444 Welfare / 535 Death Penalty | 791 Empl. Ret. Inc. Security Act | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 440 Other Civil Rights / 540 Mandamus & Other | | 871 IRS - Third Party 26 USC 7609 | 890 Other Statutory Actions |
| | 550 Civil Rights | | | |
| | 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. SECTION 1345   Default of government guaranteed student loan

### VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 131,898.45
CHECK YES only if demanded in complaint:
JURY DEMAND:  [ ] Yes  [ ] No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE 6/4/04   SIGNATURE OF ATTORNEY OF RECORD  /s/ Christopher R. Donato

**FOR OFFICE USE ONLY**
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

This form was electronically produced by Elite Federal Forms, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _____ U.S.A. v. Juan U. Morillo

2004 JUN -4 A 11: 02

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

U.S. DISTRICT COURT
DISTRICT OF MASS.

___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

___ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
         740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
         315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
         380, 385, 450, 891.

___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
         690, 810, 861-865, 870, 871, 875, 900.

✓   V.   150, 152, 153.

04

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

_____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

                                                      YES ___   NO ___

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

                                                      YES ___   NO ___

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                                      YES ___   NO ___

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

                                                      YES ___   NO ___

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

                                                      YES ___   NO ___

   A.   IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

        **EASTERN DIVISION**        CENTRAL DIVISION        WESTERN DIVISION

   B.   IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

        EASTERN DIVISION        CENTRAL DIVISION        WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Christopher R. Donato,        Assistant U.S. Attorney
ADDRESS          U.S. Attorney's Office, 1 Courthouse Way-Suite 9200, Boston, MA 02210
TELEPHONE NO.    617 748 3303

(Cover sheet local.wpd - 11/27/00)